**JOHN E. LAWLOR, ESQ.**
Attorneys for Defendant
Patrick J. Primavera
129 Third Street
Mineola, N.Y. 11501
(516) 248-7700 (ph)
(516) 742-7675 (fax)
JLawlor@johnelawlor.com (e-mail)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROBERT D. PRESS,

        Plaintiff,

   -against-        Index No. 21-cv-10971 (VM)

PATRICK J. PRIMAVERA,

        Defendant.
------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT
# OF DEFENDANT'S MOTION TO DISMISS

**JOHN E. LAWLOR, ESQ.**
Attorneys for Defendant
Patrick J. Primavera
129 Third Street
Mineola, N.Y. 11501
(516) 248-7700 (ph)
(516) 742-7675 (fax)
JLawlor@johnelawlor.com (e-mail)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ii

STATUTES AND ADMINISTRATIVE RULES ............................................iii

OTHER MATERIALS....................................................................................iii

I.      PARTIES, JURISDICTION AND VENUE ..................................... 1

II.     NEW YORK PROCEDURAL LAW APPLIES TO THIS DISPUTE.......... 1

III.    BURDEN OF PROOF ON A MOTION TO DISMISS................................. 1

IV.   THE COURT MUST TAKE NOTICE OF THE SEC FLORIDA
CIVIL INJUNCTIVE ACTION AND THE SEC ORDER
INSTITUTING ADMINISTRATIVE CEASE AND DESIST
PROCEEDINGS .............................................................................. 2

V.    FLORIDA SUBSTANTIVE LAW SHOULD APPLY TO THIS CASE ..... 3

VI.   THE ALLEGED LIBELOUS UTTERANCE WAS PUBLISHED
IN FLORIDA AND MADE IN CONNECTION WITH A
JUDICIAL PROCEEDING. .......................................................... 5

VII.  UNDER FLORIDA LAW, MR. PRIMAVERA SHOULD
BE SHIELDED FROM THIS LAWSUIT...........................................6

VIII. IN THE ALTERNATIVE, NEW JERSEY LAW WOULD APPLY
AND THE COMPLAINT, SIMILARLY, SHOULD BE DISMISSED ......7

IX.   EVEN NEW YORK LAW PROVIDES MR. PRIMAVERA
ABSOLUTE IMMUNITY UNDER THE FACTS OF THIS CASE .........8

X.    CONCLUSION..............................................................................9

# TABLE OF AUTHORITIES

## Cases – (Federal and State)

Able Energy, Inc. v. Marcum & Kliegman LLP, 69 A.D.3d 443 (1st Dept. 2010) ............8

Allen v. WestPoint–Pepperell, Inc., 945 F.2d 40 (2d Cir.1991)..................................2

Ashcroft v. Iqbal, 556 U.S. 662 (2009) .......................................................1,2

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ..................................................1

Chambers v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002)..................................2

Cooney v. Osgood Mach., Inc., 81 N.Y.2d 66, 595 N.Y.S.2d 919,
612 N.E.2d 277 (1993) ...........................................................................4

Davis v. Costa-Gavras, 580 F.Supp. 1082 (S.D.N.Y. 1984). ......................................3

DelMonico v. Traynor, 116 So.3d 1205 (Fla. 2013) ..............................................6, 8

DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54 (S.D.N.Y. 2010) ...........................2

Estape v. Seidman, 269 So.3d 565 ( Fla. 2d DCA 2009)..........................................6

Fariello v. Gavin, 873 So.2d 1243, 1245 (Fla. 5th DCA 2004)..................................7

Fischkoff v. Iovance Biotherapeutics, Inc., 339 F.Supp.3d 383 (S.D.N.Y. 2018)..............8

Fridovich v. Fridovich, 598 So.2d 65 (Fla. 1992) ...............................................6

Grasso v. Mathew, 164 A.D.2d 476 (3d Dept. 1991) ...............................................8

Gursky Ragan, P.A. v. Association of Poinciana Villages, Inc.,
314 So.3d 594, 595 (Fla. 2020) ..................................................................6

Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)..........................1

Hatfill v. Foster, 401 F. Supp.2d 320 (S.D.N.Y. 2005) ..........................................4

Hawkins v. Harris, 141 N.J. 207 (1995) .........................................................7, 8

Hill v. N.J. Dep't of Corr. Comm'r Fauver, 342 N.J.Super. 273 (App.Div. 2001).............7, 8

Kesner v. Dow Jones & Co., Inc., 515 F.Supp.3d 149 (S.D.N.Y. 2021).....................4, 5, 7

Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) ...................................................................................................1

Leonard F. v. Israel Disc. Bank of New York, 199 F.3d 99 (2d Cir. 1999).....................2

Nader v. General Motors Corp., 25 N.Y.2d 560, 307 N.Y.S.2d 647, 255 N.E.2d 765 (1970) ..........................................................................................................3

O'Brien v. Alexander, 898 F. Supp. 162 (S.D.N.Y. 1995) ...............................................8

Rosenberg v. Metlife, Inc., 8 N.Y.3d 359) (2007)............................................................ 8

Ruberton v. Gabage, 280 N.J.Super. 125 (App.Div. 1995) ...........................................8

Sparrow Fund Management LP v. Mimedx Group, Inc., 2019 WL 1434719 (S.D.N.Y.) ...............................................................................................9

Stega v. New York Downtown Hospital, 31 N.Y. 3d 661 (2018) .................................8

Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)........................2

**STATUTES AND ADMINISTRATIVE RULES**

F.R.Civ.Pr. Rule 12(b)(6) ...........................................................................................2, 9

FRE Rule 201 (28 U.S.C. §201) .................................................................................2, 3

28 U.S.C. §1332........................................................................................................1

28 U.S.C. §1391........................................................................................................1

**OTHER MATERIALS**

Restatement (Second) of Conflict of Laws § 150(2) (1977)..........................................3

## I. PARTIES, JURISDICTION AND VENUE.

According to the Complaint (ECF Docket Entry 1), Plaintiff's residence is the State of Florida (Complaint ¶10); Defendant resides in the State of New Jersey (Complaint ¶11) which is admitted; and the claimed damages are alleged to be in excess of $75,000 (Complaint ¶12). This Court's jurisdiction is predicated on diversity, 28 U.S.C. §1332 which, on that basis alone, is admitted. Defendant consents to the jurisdiction of this court and does not assert any objection on the basis of improper venue under 28 U.S.C. §1391. The Complaint's singular Cause of Action is defamation per se (Complaint, ¶64, et seq.).

## II. NEW YORK PROCEDURAL LAW APPLIES TO THIS DISPUTE.

Ordinarily a federal court sitting in diversity applies the law of the state in which it sits to any issues of procedure not covered by federal law. Hanna v. Plumer, 380 U.S. 460, 470, 85 S.Ct. 1136, 1143, 14 L.Ed.2d 8 (1965). A federal court sitting in diversity also looks to the forum state's (in this case, New York's) conflict-of-laws rules in determining which substantive law to apply to the issues in a diversity case. Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941).

## III. BURDEN OF PROOF ON A MOTION TO DISMISS.

"To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). Claims are facially plausible when the plaintiff pleads facts that allow courts to draw a "reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.; see also, Bell Atl. Corp. v. Twombly, 550 U.S. 544 556 (2007). The Court when deciding a motion to

dismiss should assume the factual allegations are true and determine whether, when read together, the factual allegations plausibly give rise to an entitlement of relief. Iqbal, 556 U.S. at 679. "Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice". Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). Documents considered to be included in the complaint include written instruments attached to it as an exhibit, documents incorporated in it by reference, and other documents which are "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002). Documents are "integral" to complaints when the plaintiff has "actual notice" of the extraneous information and relied on it in framing the complaint. DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010) (see also Chambers, 282 F.3d at 153).

## IV. THE COURT MUST TAKE NOTICE OF THE SEC FLORIDA CIVIL INJUNCTIVE ACTION AND THE SEC ORDER INSTITUTING ADMINISTRATIVE CEASE AND DESIST PROCEEDINGS.

In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, *and to matters of which judicial notice may be taken.*" Leonard F. v. Israel Disc. Bank of New York, 199 F.3d 99, 107 (2d Cir. 1999) (quoting Allen v. WestPoint–Pepperell, Inc., 945 F.2d 40, 44 (2d Cir.1991)). (emph.supp.)

> FRE Rule 201 (28 U.S.C. §201) provides in part:
>
> **(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> \*\*\*\*\*
>
> **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

2

**(c) Taking Notice.** The court:

\*\*\*\*\*

**(2)** *must* take judicial notice if a party requests it and the court is supplied with the necessary information. (emph.supp.).

The accuracy of Exhibits A and B to the Declaration of John E. Lawlor in Support of Defendant's Motion to Dismiss ("Lawlor Declaration") cannot reasonably be questioned and obviously the court has been supplied with the information. Under FRE Rule 201, this court must take judicial notice of these documents. Defendant further submits that the nexus between these documents and the alleged defamatory statement upon which the Complaint is predicated is undeniably established by Plaintiff's admissions, inter alia, at paragraphs 62 ("Primavera knowingly and maliciously defamed Press to the SEC . . . "), 63 ("Ultimately, Press . . . was compelled to reach a settlement with the SEC. . .") and 68 ("Primavera caused these false statements to be repeated to third parties including the SEC") and these documents are clearly "integral" to the Complaint, Chambers, supra, having been made so by the allegations in the Complaint itself.

### V. FLORIDA SUBSTANTIVE LAW SHOULD APPLY TO THIS CASE.

Under New York conflict-of-laws rules, the state with the most significant relationship to an alleged tort supplies the governing substantive law. Davis v. Costa-Gavras, 580 F.Supp. 1082 (S.D.N.Y. 1984), citing Nader v. General Motors Corp., 25 N.Y.2d 560, 565, 307 N.Y.S.2d 647, 650–51, 255 N.E.2d 765 (1970). "In a libel case, the state of most significant relationship is usually the state where the plaintiff was domiciled at the time, if the libel was published in that state, since that is where he is presumed to have been most injured." Davis, at 1092, citing Restatement (Second) of Conflict of Laws § 150(2) (1977).

"Where conduct-regulating rules conflict, New York looks to the 'jurisdiction [that] has the greatest interest in regulating behavior within its borders'—usually the state where the tort occurred." Kesner v. Dow Jones & Co., Inc., 515 F.Supp.3d 149, 168 (S.D.N.Y 2021) citing Cooney v. Osgood Mach., Inc., 81 N.Y.2d 66, 72, 595 N.Y.S.2d 919, 612 N.E.2d 277 (1993). "In defamation cases, often this is as simple as identifying the plaintiff's domicile." Id. "New York law appears to show a "marginal preference for the law of the plaintiff's domicile, at least where there is no other reason to apply New York law." Id., citing Hatfill v. Foster, 401 F. Supp.2d 320 (S.D.N.Y. 2005). The question then becomes "which tort?".

As stated in the SEC Complaint (Lawlor Declaration, Exh. A): "TCA is a Florida corporation formed in June 2011 and headquartered in Aventura [Florida]." (¶10). See also, Lawlor Declaration Exh. B, paras. 3 and 4). Plaintiff's anticipated argument that New York was the 'location' which was the subject of the defamation attempts to turn the facts of the case on their head. It is respectfully submitted that it is not this Defendant's conduct in New York in a conduct-regulating analysis that is relevant, but rather that of the Plaintiff which is clearly attached to his chosen Florida domicile and principal place of business in Florida: <u>that's where Mr. Press's fraud was perpetrated</u>. Any argument that Defendant's wrongful conduct took place in New York and is related to his work in New York is simply irrelevant to a correct conduct-regulating analysis. <u>It is the unlawful conduct of TCA, a Florida corporation headquartered in Florida, by and through Plaintiff Press, a Florida resident, that is relevant to this courts' inquiry</u>.[1] Any attempt by Plaintiff to have this Court apply a qualified immunity standard to the utterance under New York law is a veiled attempt to deflect attention away from the demonstrated wrong-doer and onto an unwitting <u>de facto</u> whistleblower and the chilling effects of such a result on

---

[1] It is worth noting that there is no mention of the conduct of TCA's New York office in either the SEC Florida Civil Injunctive Action (Lawlor Declaration, Exh. A) or the SEC Order Instituting Administrative Cease-and-Desist Proceedings (Lawlor Declaration, Exh. B).

4

investigatory and adjudicatory activities within Florida's borders is of critical importance in a "greatest interest" analysis.

Defendant submits that, under the Kesner analysis, the "jurisdiction [that] has the greatest interest in regulating behavior within its borders" (that being Mr. Press's behavior) in this case is Florida, the SEC's Miami offices of which have already expressed their great interest in Mr. Press's conduct and impressed Florida federal court jurisdiction over said behavior, indeed misconduct.

## VI. THE ALLEGED LIBELOUS UTTERANCE WAS PUBLISHED IN FLORIDA AND MADE IN CONNECTION WITH A JUDICIAL PROCEEDING.

The alleged libelous statement upon which the Complaint is based was provided to, and at the request of, the U.S. Securities and Exchange Commission ("Commission" or "SEC") in connection with one or more investigations which resulted in (1) a civil injunctive action being filed against TCA Fund Management Group Corp., among others, in the U.S. District Court for the Southern District of Florida, 20-cv-21964,[2] and (2) an SEC Order Instituting Administrative Cease-and-Desist Proceedings against Mr. Press, Plaintiff herein[3]. Clearly, therefore, this allegedly libelous statement was published in Florida when it was admittedly and demonstratively provided to the SEC's Miami office and used, at least in part, in forming the basis of the SEC's civil injunctive action against Mr. Press. The incontrovertible documents (Lawlor Declaration. Exhs. A and B), certainly when read in light of Plaintiff's own admissions (e.g., Complaint paragraphs 62, 63 and 68) demonstrate the nexus between the alleged libelous utterance which forms the basis of the Complaint to either or both of these SEC actions based on e-mails between Defendant's Florida attorney at the time (Jon Jacobson) and at least 2 of the Commission's attorneys who are identified in the SEC complaint in the civil injunctive action

---

[2] A copy of that Complaint is filed herewith as Exhibit A to the Lawlor Declaration.
[3] A copy of that Order is filed herewith as Exhibit B to the Lawlor Declaration.

5

filed in the Southern District of Florida (SEC Attorneys Chang and Nicoleau)[4] and the Complaint admits as much. (Complaint ¶65). The e-mails between the SEC and Mr. Primavera's counsel belie the notion that the Defendant's statement to the SEC was spontaneous or unsolicited[5] and no countervailing evidence exists.

### VII. UNDER FLORIDA LAW, MR. PRIMAVERA SHOULD BE SHIELDED FROM THIS LAWSUIT.

Under Florida law, ". . . defamatory statements made in the course of judicial proceedings are absolutely privileged, and no cause of action for damages will lie, regardless of how false or malicious the statements may be, so long as the statements are relevant to the subject of inquiry." Estape v. Seidman, 269 So.3d 565, 569 ( Fla. 2d DCA 2009) quoting Fridovich v. Fridovich, 598 So.2d 65, 66 (Fla. 1992). See also, Gursky Ragan, P.A. v. Association of Poinciana Villages, Inc., 314 So.3d 594, 595 (Fla. 2020): "The law has long recognized that judges, counsel, parties, and witnesses should be absolutely exempted from liability to an action for defamatory words published in the course of judicial proceedings, regardless of how false or malicious the statements may be, as long as the statements bear some relation to or connection with the subject of inquiry," quoting DelMonico v. Traynor, 116 So.3d 1205, 1211 (Fla. 2013). "In other words, defamatory statements are absolutely privileged when they are (1) published in the course of judicial proceedings and (2) bear some relation to or connection with the subject of inquiry". Id.

---

[4] Redacted versions of selected e-mails are attached as Exhibits A to the Declaration of Patrick J. Primavera ("Primavera Declaration") and bates-stamped PRIMAVERA MTD 000001-PRIMAVERA MTD 000017. SEC Attorneys Chang and Nicoleau are identified, inter alia, at PRIMAVERA MTD 000011, 000012, 000013, et seq. as well as they are identified in the Complaint annexed as Exhibit A to the Lawlor Declaration.
[5] A copy of the SEC Form 1662 provided to Mr. Primavera by the Commission confirming the SEC's request is part of Primavera Declaration Exhibit A and bates-stamped PRIMAVERA MTD 00003-PRIMAVERA MTD 00007.

Under Florida law "[t]here is a well-recognized immunity afforded to statements or actions taken during a judicial proceeding. By virtue of this immunity, defamatory statements made in the course of judicial proceedings by parties, witnesses and counsel are absolutely privileged, no matter how false or malicious those statements might be, provided the statements are relevant to the subject of inquiry." Fariello v. Gavin, 873 So.2d 1243, 1245 (Fla. 5th DCA 2004) (internal cites omitted). "Torts such as perjury, libel, slander, and other actions based on statements made in connection with a judicial proceeding are not actionable." Id. "There may, however, be exceptional cases in which the facts giving application to the defense are clearly apparent on the face of the complaint, in which case the defense may be raised by motion to dismiss [internal cites omitted] . . . The defense is analogous to a statute of limitations defense. A limitations defense . . . may be asserted in a motion to dismiss if its applicability is demonstrated on the face of the complaint or exhibits." Id.

In this case the nexus between the alleged defamatory utterance and the SEC Florida Civil Injunctive Action and Order Instituting Administrative Cease-and-Desist Proceedings is unavoidable and Mr. Primavera's immunity absolute.

## VIII. IN THE ALTERNATIVE, NEW JERSEY LAW WOULD APPLY AND THE COMPLAINT, SIMILARLY, SHOULD BE DISMISSED.

Defendant submits that the Davis and Kesner conflicts' analyses weighs overwhelmingly in favor of the application of Florida law but, assuming Plaintiff sought to avail himself of New Jersey law based on Defendant's residence, New Jersey also recognizes an absolute privilege for "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Hill v. N.J. Dep't of Corr. Comm'r Fauver, 342 N.J.Super. 273, 295 (App.Div. 2001) (quoting Hawkins v. Harris, 141 N.J. 207, 216 (1995)),

cert. denied, 171 N.J. 338 (2002). And in New Jersey, "[t]he litigation privilege is not limited to statements made in a courtroom during a trial; 'it extends to all statements or communications in connection with the judicial proceeding.'" Hawkins, supra, 141 N.J. at 216 (quoting Ruberton v. Gabage, 280 N.J.Super. 125, 133 (App.Div. 1995), cert. denied, 142 N.J. 451 (1995)). Furthermore, statements made in preparation for judicial and quasi-judicial proceedings are also privileged. Hill, supra, 342 N.J.Super. at 294–95, which appears also to be the case in Florida, see DelMonico, supra, at 116 So. 3d. at 1217.

### IX. EVEN NEW YORK LAW PROVIDES MR. PRIMAVERA ABSOLUTE IMMUNITY UNDER THE FACTS OF THIS CASE.

"Under New York law, '[i]n the context of a legal proceeding, statements by parties and their attorneys are absolutely privileged if, by any view or under any circumstances, they are pertinent to the litigation.'" O'Brien v. Alexander, 898 F. Supp. 162, 171 (S.D.N.Y. 1995) (citing Grasso v. Mathew, 164 A.D.2d 476, 479 (3d Dept. 1991)) (emph. supp.). This privilege covers statements made in pleadings and in court. Id. at 171. Likewise, under New York law, statements made to governmental authorities, such as the SEC, are accorded an absolute privilege "where they are made as part of or preliminary to 'a judicial or quasi-judicial proceeding.'" Fischkoff v. Iovance Biotherapeutics, Inc., 339 F.Supp.3d 383, 387 (S.D.N.Y. 2018) (quoting Rosenberg v. Metlife, Inc., 8 N.Y.3d 359, 365 (2007)); see also, Able Energy, Inc. v. Marcum & Kliegman LLP, 69 A.D.3d 443 (1st Dept. 2010) (Defamation claims against accounting firm predicated on information in letter to Securities and Exchange Commission were dismissed based on absolute privilege defense; letter to SEC's finance division potentially could have been used by SEC in quasi-judicial proceeding, *and it was irrelevant whether or not SEC actually commenced such proceeding*). See also, Stega v. New York Downtown Hospital, 31 N.Y. 3d 661 (2018) (Recognizing that the public interest is served by shielding certain

communications, though possibly defamatory, from litigation, rather than risk stifling them altogether, id. at 669; that the social benefit in encouraging free speech or the discharge of governmental responsibility sometimes outweighs the individual's underlying right to a good reputation, the individual's right may have to yield to a privilege granted the speaker barring recovery of damages for the defamatory statements, id.; that the absolute protection afforded to statements of individuals participating in a public function is designed to ensure that their own personal interests, especially fear of a civil action, whether successful or otherwise, do not have an adverse impact upon the discharge of their public function; statements uttered in the course of a judicial proceeding are absolutely privileged, as long as such statements are material and pertinent to the questions involved in the proceeding, id.). Such is demonstrably the case here. See also, Sparrow Fund Management LP v. Mimedx Group, Inc., 2019 WL 1434719 (S.D.N.Y.).

## X. CONCLUSION.

On these facts, Florida has the most significant relationship with the alleged tort based on: Plaintiff's admitted residence and TCA's principal place of business in the State of Florida and, therefore, where an actual and demonstrated fraud emanated; the publication of the utterance was made in Florida to Florida-based regulators; the fact that a lawsuit predicated at least in part on that utterance has already been filed in the Southern District of Florida; and, but not least, the fact that the maintenance of this lawsuit would have a chilling effect on investigatory and adjudicatory activities within Florida's borders.

**WHEREFORE**, pursuant to F.R.Civ.Pr. Rule 12(b)(6), Defendant requests that the Complaint herein be dismissed and for such other, further and different relief as to the Court seems appropriate.

9

Dated: Mineola, N.Y.
      August 31, 2022

Yours, etc.,

By: s/ John E. Lawlor, Esq.

**JOHN E. LAWLOR, ESQ.**
Attorneys for Defendant
Patrick J. Primavera
129 Third Street
Mineola, N.Y. 11501
(516) 248-7700 (ph)
(516) 742-7675 (fax)
JLawlor@johnelawlor.com (e-mail)

TO:    Jeffrey Ephraim Glatt, Esq. (via ECF)
         Sondra Denise Grigsby, Esq. (via ECF)
         Marc E. Kasowitz, Esq. (via ECF)
         Albert Shemtov Mishaan, Esq. (via ECF)