# JOHN E. LAWLOR, ESQ.
ATTORNEY AT LAW
_____

129 Third Street
Mineola, N.Y. 11501
(516) 248-7700
Fax: (516) 742-7675
E-Mail: JLawlor@johnelawlor.com

November 28, 2022

Hon. Jennifer L. Rochon, U.S.D.J. **(VIA ECF)**
500 Pearl St.
New York, NY 10007-1312

**Re:    Robert D. Press v. Patrick J. Primavera**
       **Index No. 21-cv-10971 (VM)**

Your Honor:

This motion is submitted in accordance with the Court's directive at the conference held on November 22, 2022 whereby the Court directed the parties to submit a formal motion to stay discovery not to exceed 3 pages. Defendant moves for a stay of discovery as follows:

This Court articulated the standard for a stay of discovery in Roper v City of N.Y., 2017 WL 2483813, at *2 (SDNY Jan. 25, 2017) as follows:

"[U]pon a showing of good cause a district court has considerable discretion to stay discovery" pursuant to Federal Rule of Civil Procedure 26(c). Integrated Sys. & Power. Inc. v. Honeywell Int'l, 2009 U.S. Dist. LEXIS 78476, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); accord Ellington Credit Fund. Ltd. v. Select Portfolio Servs., Inc., 2009 U.S. Dist. LEXIS 7904, 2009 WL 274483, at *1 (S.D.N.Y. Feb. 3, 2009). Federal Rule of Civil Procedure 26(d) also allows the Court to control the sequence and timing of discovery, particularly where resolution of a preliminary matter may decide the entire case. Thrower v. Pozzi, 2002 U.S. Dist. LEXIS 1035, 2002 WL 91612, at *7 (S.D.N.Y. Jan. 24, 2002) (citing Association Fe Y Allegria v. Republic of Ecuador, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999)). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." Alford v. City of New York, 2012 U.S. Dist. LEXIS 37876, 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) (citation omitted). The moving party bears the burden of demonstrating good cause under Fed. R. Civ. P. 26(c). See Thrower, 2002 U.S. Dist. LEXIS 1035, 2002 WL 91612, at *7.

Moreover, where, as here, a dispositive motion with a valid legal basis is filed, a stay is appropriate. See, e.g., Gandler v. Nazarov, 1994 U.S. Dist. LEXIS 17885, 1994 WL 702004, at

\*4 (S.D.N.Y. Dec. 14, 1994) (stay of discovery should be granted where motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law.")

"[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." Alford v. City of N.Y., 2012 WL 947498, at \*1 (E.D.N.Y. Mar. 20, 2012) (citation omitted).  Courts consider: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion; accord Integrated Sys. & Power, Inc., 2009 WL 2777076, at \*1." Hong Leong Fin. Ltd. (Singapore), 297 F.R.D. 69, 72, 2013 WL 2247794 (internal quotation marks and citations omitted).  The moving party bears the burden of demonstrating good cause under Fed. R. Civ. P. 26(c).  See Thrower, 2002 WL 91612, at \*7.

**The Breadth of Discovery Sought**

It is anticipated that large volumes of material will be sought by defendant (and likely the Plaintiff) including non-party subpoenas to the SEC and non-party whistleblowers mentioned in the complaint seeking thousands if not 10s of thousands of documents relating to communications between the SEC and (1) Defendant and his counsel, (2) the non-party whisleblowers and/or their counsel, (3) Plaintiff (and/or TCA Fund Management Group Corp. and the other TCA-related entities).  These documents will include party and non-party declarations, investigatory deposition transcripts and exhibits, TCA financial statements, accounting records and work papers.  In addition, depositions of 5 or 6 parties are anticipated: that of the Plaintiff, the Defendant, the Whistleblowers, and at least one staff attorney at the SEC.  None of this includes additional discovery requests to, and possibly depositions of, witnesses identified during the course of the first round of discovery.

**There Is No Prejudice to A Stay**

While this matter has been pending for some time through no fault of the parties, an additional delay of probably no more than 60 to 90 days beyond the deadlines already established in the Civil Case Management Order (ECF Docket No. 37) would not operate as a hardship nor amount to any prejudice to the Plaintiff.  It should be noted that the Complaint in this action was filed with barely one day left in the statute of limitations.  That alone belies any sense of urgency on Plaintiff's part.  It should also be noted that a large portion of the documents which will be sought are believed to be in possession of counsel to either of the parties and at least one U.S. government agency.  Given the nature of the parties in possession, the risks of any type of spoliation should be non-existent.

The prejudice to the Defendant, on the other hand, is obvious and is addressed immediately infra.

**The Strength of the Motion to Dismiss**

This case represents an attempt by the Plaintiff to engage in an expensive and retaliatory process to replay Plaintiff's failed narrative to the SEC.  As pointed out in the Motion to Dismiss and last week in court, the SEC's complaint against Mr. Press was filed in the Southern District

of Florida in **May, 2020**[1]. The Declaration upon which the single cause of action was based was provided to the SEC in **December, 2020**, approximately 7 months later, and in response to the SEC's unsolicited request. Clearly the SEC conducted an investigation independent of the Primavera Declaration and it is unrebutted that Mr. Primavera was approached by the SEC on an uninvited basis after the filing of the Florida District Court complaint. Mr. Press already engaged in discovery which the SEC reviewed and obviously rejected before filing the Florida District Court action. This investigation and action resulted in an SEC Order Instituting Administrative Cease-and-Desist Proceedings against Mr. Press[2] wherein, at a minimum, Mr. Press did not choose to litigate findings of willful violations of the Securities Act of 1933, the Securities Exchange Act of 1934, the Investment Advisers Act of 1940, and the entry of a judgment against Mr. Press personally in excess of $5 million. Id.

It is respectfully submitted that the circumstances and sequence of events make it very likely that (1) the Declaration is in fact true, truth being an absolute defense in a libel action, or (2) at worst, that the Plaintiff will not be able to prove the Declaration was made with actual malice. In any event, and as relevant to this motion, the documentary evidence before the court and submitted in support of the Motion to Dismiss demonstrates that the Declaration upon which the Complaint in this action is singularly based was given to the SEC in December, 2020 in connection with a pending federal lawsuit (Lawlor Decl. Exh. A) and/or quasi-judicial action (Lawlor Decl. Exh. B). The nexus between the alleged libelous utterance which forms the basis of the Complaint to either or both of these SEC actions is irrefutable and Plaintiff does not argue otherwise.

On these facts, a disposition on the Motion to Dismiss is the somewhat simple matter of the choice of law question. Defendant submits that under the most likely applicable law of the State of Florida given the fact that Mr. Press's domicile was and is in the State of Florida (which is presumptively controlling, Kesner v. Dow Jones & Co., Inc., 515 F.Supp.3d 149, (S.D.N.Y 2021)); the fact that the utterance was published in the State of Florida (Davis v. Costa-Gavras, 580 F.Supp. 1082 (S.D.N.Y. 1984)); in connection with investigations emanating out of, and a lawsuit pending in, that state; and the chilling effect of this lawsuit against Mr. Primavera on Florida's judicial and investigatory processes, Florida clearly has the predominant interest under New York's greatest interest test, Kesner, supra. Plaintiff's argument ("Primavera did it!") is a demonstrated failed narrative and, at best, inchoate; Florida's interests, on the other hand, are established and inescapable. Plaintiff's attempt to shift responsibility for his de facto admitted violations of the federal securities law is, thus, a transparent effort to invoke a perceived qualified immunity standard under New York law by shifting the locus of events to New York where there is clearly no merit to the argument. On these facts and the law, Defendant's motion shows a substantial likelihood of success and a stay of discovery should be granted.

                                      Very truly yours,

                                      s/
                                      **JOHN E. LAWLOR, ESQ**

cc: All counsel, via ECF

---

[1] Lawlor Declaration Exhibit A, ECF Docket No. 29.
[2] Lawlor Declaration Exhibit B, ECF Docket No. 29.