# KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

ALBERT SHEMMY MISHAAN
DIRECT DIAL: (212) 506-1936
DIRECT FAX: (212) 500-3436
AMISHAAN@KASOWITZ.COM

December 5, 2022

**BY ECF**
Hon. Jennifer L. Rochon, U.S.D.J.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:      *Robert D. Press v. Patrick J. Primavera*, No. 21-cv-10971 (JLR)

Dear Judge Rochon:

      We represent Plaintiff Robert D. Press and write in opposition to Defendant Patrick J. Primavera's motion to stay discovery during the pendency of his motion to dismiss the Complaint. *See* Defendant's November 28, 2022 Letter ("Def. Br.") (ECF No. 38). Primavera's motion fails to provide a sufficient basis for staying discovery in this action, which has been pending since 2021, and his motion should be denied.

      ***Legal Standard:*** A court may only stay discovery during the pendency of a motion to dismiss upon a showing of "good cause." *Morales v. Next Stop 2006, Inc.*, 2022 WL 15523370, at *1 (S.D.N.Y. Oct. 27, 2022) (Rochon, J.) (denying stay). The "filing of a motion to dismiss does not itself constitute 'good cause,' and courts have considerable discretion in determining whether a stay is warranted. *Id.*, citing *Kaplan v. Lebanese Canadian Bank, SAL*, 2022 WL 2541081, at *1 (S.D.N.Y. July 7, 2022). "In exercising this discretion, courts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Morales*, 2022 WL 15523370, at *1, *quoting Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

      ***Legal Argument:*** This Court should deny Primavera's motion for a stay of discovery pending a decision on his motion to dismiss as Primavera has failed to meet his burden to show "good cause" for a stay. On the contrary, a stay here is unwarranted because (i) discovery in this straightforward action with a single defamation claim will not be voluminous or complex, (ii) a stay will significantly prejudice Press, who filed this action more than a year ago, but will not prejudice Primavera at all, and (iii) Primavera's motion to dismiss should be denied because it clearly presents factual issues that require a developed factual record to resolve.

      *First*, the amount of discovery in this action will be normal for a single-claim defamation action by one individual plaintiff, Press, against one individual defendant, Primavera. While Primavera argues that a stay is warranted here because "large volumes" of document discovery and "depositions of 5 or 6 parties" are "anticipated" in this case (Def. Br. at 2), he is incorrect. Anticipation of "normal" document productions and depositions here does not warrant a stay, as

Hon. Jennifer L. Rochon, U.S.D.J.
December 5, 2022
Pg. 2

"[n]ormal discovery in a limited matter does not alone rise to the level of good cause." *Guiffre v. Maxwell*, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) (denying stay); *see also Bensmaine v. City of New York*, 2022 WL 3362188, at *2 (S.D.N.Y. Aug. 15, 2022) (denying stay despite that plaintiff served "sixty-seven discovery demands" on defendants because defendants "do not explain (other than listing the number) what is unduly burdensome about them").

As Your Honor noted at the parties' November 22, 2022 conference, the parties' discovery schedule tracking the Court's recommended deadlines is "generous" for an action of this nature. Discovery in this single-claim action will be appropriately tailored to meet the needs of the case and will not be complex or inordinately time intensive. *See Guiffre*, 2016 WL 254932, at *2 (denying stay where discovery would be "narrow" and "tailored" to the "single claim against [the] single defendant"). A stay is thus not warranted here.

*Second*, a stay will significantly prejudice Press here but will not prejudice Primavera at all. As discussed with the Court during the initial conference, this case was filed close to one year ago, and has not proceeded past the motion to dismiss stage, which currently remains *sub judice*, through circumstances that are no fault of the parties or this Court. Any further delay of discovery harms Press because, as alleged in the Complaint, Press "continue[s] to suffer extensive economic and reputational injury" due to Primavera's defamation, and will continue to suffer until resolution of this action. *See* Compl. ¶ 74. A stay simply further delays Press's ability to redress this reputational harm, thereby causing him significant prejudice. *See Kudo v. Simels*, 1992 WL 80762, at *1 (S.D.N.Y. Apr. 8, 1992) (denying stay which would "impair [plaintiffs'] ability to enhance and develop their artistic reputations").

Primavera's argument that an "additional delay … would not operate as a hardship" to Press because "the risks of any type of spoliation should be non-existent" (Def. Br. at 2) was expressly rejected in the recent case of *Elhassa v. Hallmark Aviation Services, L.P.*, 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022). In *Elhassa*, Defendant likewise argued that "Plaintiff will suffer no prejudice because a delay will not result in a loss of evidence or increase the difficulties of discovery and the case is still at its early stages." *Elhassa*, 2022 WL 563264, at *2. The *Elhassa* court, however, denied Defendant's stay motion and held that this "argument proves too much. Motions for stays of discovery based upon a motion to dismiss frequently (if not invariably) are made at the start of a case and at a time when the duty to preserve relevant documents has arisen. If Defendant's argument was accepted, the second factor in the [stay] test would always be decided in favor of the movant."[1] *Id.*

Further, Primavera provides nothing to show that he would be prejudiced if discovery proceeds in the ordinary course. He states only that the prejudice to him "is obvious and is addressed immediately infra." Def. Br. at 2. This is not an argument. Stating that prejudice is "obvious" is clearly insufficient to meet Primavera's burden to "articulate[] significant prejudice" to himself. *See Morales*, 2022 WL 15523370, at *1 ("Defendants have not articulated significant prejudice to them in proceeding with discovery"). Defendant also does not go on to

---

[1] Primavera's argument that there is no "urgency" by Press to move this case forward because the Complaint was filed right before the brief one-year statute of limitation had run (Def. Br. at 2) is nonsensical. Press prepared and filed his claim promptly within the short statutory period and is entitled to pursue that claim without undue delay.

Hon. Jennifer L. Rochon, U.S.D.J.
December 5, 2022
Pg. 3

describe any prejudice to him "infra," and never mentions the word "prejudice" again in his letter.  Indeed, while he undoubtedly would prefer not to engage in litigation, he is a defendant in this case and there is no prejudice to Primavera from simply proceeding with his obligations as a litigant under the applicable rules.  Given the factual nature of his motion, he will ultimately have to participate in discovery in any event.

*Third*, Primavera's motion to dismiss should fail and squarely presents factual issues that require a developed factual record to resolve.  As an initial matter, the parties dispute whether New York or Florida law applies to the defamation claim, and Primavera argues that "a disposition on the Motion to Dismiss is the somewhat simple matter of the choice of law question." Def. Br. at 3.  Primavera's motion to stay should be denied for this reason alone, as "a choice of law analysis is fact intensive," and thus "courts often decline to make a choice of law determination at the motion to dismiss stage." *Morales*, 2022 WL 15523370, at *2 (denying stay pending motions to dismiss where the "motions to dismiss invoke choice of law principles"). Regardless, as Press sets forth in his opposition to Primavera's motion to dismiss (ECF No. 33) ("Pl. Opp."), even though New York law clearly applies here, Primavera's motion to dismiss fails under the law of any of New York, Florida, or New Jersey.  Primavera makes only one argument in support of his motion to dismiss:  that his defamatory statements are protected by an absolute privilege because they were "provided to the SEC" "in connection" with a "pending federal lawsuit." Def. Br. at 3.  This argument is incorrect.  Absolute privilege, Primavera's sole asserted basis for dismissal, does not apply to Primavera's defamatory statement made to the SEC, as it was not a communication made in a "judicial or quasi-judicial proceeding."  *See* Pl. Opp. at 9-16 (collecting cases under New York, Florida, and New Jersey law).  But even if a statement to the SEC were such a communication, which it is not, there is no privilege where, as here, Primavera's defamatory statements were made maliciously and for the sole purpose of harming Press.  *Id.* (citing Compl. ¶¶ 57, 62, 72-73).

Moreover, Primavera's assertion of a defense of purported absolute privilege is an issue of fact and not ripe for determination on a motion to dismiss.  *See* Pl. Opp. at 16-17 (collecting cases under New York, Florida, and New Jersey law).  It is certainly not ripe for consideration where, as here, the Complaint abundantly sets forth facts demonstrating the falsity and maliciousness of Primavera's defamatory statements against Press.  *Id.*  Indeed, even Primavera concedes that this Court must consider factual issues not ripe for a motion to dismiss, as in seeking a stay he claims that "the circumstances and sequence of events make it very likely" that (i) his declaration is "in fact true" and that (ii) Press will be unable "to prove" that the declaration "was made with actual malice." Def. Br. at 3.

***Conclusion:*** Based on the above, Press respectfully requests that this Court deny Primavera's motion to stay in its entirety.

                                                                                    Respectfully submitted,

                                                                                  /s/ Albert Shemmy Mishaan