UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT D. PRESS,

                        Plaintiff,

-against-

PATRICK J. PRIMAVERA,

                        Defendant.

Case No. 1: 21-cv-10971 (JLR)

**MEMORANDUM OPINION
AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

    Now before the Court is Defendant's letter-motion to stay discovery pending the resolution of his motion to dismiss. ECF No. 38 ("Mot."). Plaintiff opposes the motion. ECF No. 40 ("Opp."). For the reasons set forth below, Defendant's letter-motion is GRANTED.

## BACKGROUND

    On December 21, 2021, Plaintiff Robert D. Press ("Plaintiff") commenced this action for defamation against Defendant Patrick J. Primavera ("Defendant") alleging he was harmed by defamatory statements that Defendant made to the SEC as part of its investigation of Plaintiff's company. ECF No. 1. Specifically, he alleges that Defendant – who previously worked for him – submitted a declaration to the SEC in which he "falsely and defamatorily" blamed fraud and corruption on Plaintiff. *See id.* ¶¶ 56-57. During that time, the SEC was investigating Plaintiff's company following the submission of two whistleblower complaints. *See id.* ¶ 28. Plaintiff later reached a deal with the SEC, in which he did not admit or deny any allegations of fraud. *Id.* ¶ 63.

    After the complaint was filed, the parties exchanged letters between themselves and with the Court in anticipation of Defendant's motion to dismiss the action on the grounds that he is entitled to absolute immunity from the defamation claim. *See* ECF Nos. 19-25. On September

6, 2022, Defendant filed his motion to dismiss the entire complaint. ECF No. 27. On September 22, 2022, this case was reassigned to the undersigned. ECF No. 31. On September 30, 2022, Plaintiff filed his opposition. ECF No. 33. On October 7, 2022, Defendant filed his reply. ECF No. 35.

Defendant's motion seeks to dismiss the entire complaint – which alleges one cause of action for defamation – on the grounds that, in speaking to the SEC as part of their ongoing investigation, Defendant is entitled to absolute immunity from any defamation claims. *See* ECF No. 28 at 6-9. In support of his motion, Defendant cites to Florida, New Jersey and New York case law that provides that statements made in judicial (or in some states, quasi-judicial) proceedings are entitled to absolute immunity from defamation suits. *Id.* In response, Plaintiff argues that Defendant is not entitled to immunity, but in any event, the issue is not appropriate for a motion to dismiss. *See* ECF No. 33 at 10-17.

The Court held an initial pretrial conference on November 22, 2022, and subsequently entered a Civil Case Management Plan and Scheduling Order, which now governs discovery in this action. ECF No. 38. At that conference, the Court informed Defendant that he could request a stay of discovery via letter-motion, and it would be considered. On November 28, 2022, Defendant filed that letter-motion, seeking a stay of discovery during the pendency of the motion to dismiss. Mot. On December 5, 2022, Plaintiff filed his letter in opposition. Opp.

## DISCUSSION

A court may, on a showing of "good cause," stay discovery during the pendency of a motion to dismiss. *See, e.g.*, *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). The filing of a motion to dismiss does not itself constitute "good cause," and courts have considerable discretion in determining whether a stay is warranted. *See Kaplan v.*

*Lebanese Canadian Bank, SAL*, No. 08-cv-7253 (GBD) (KHP), 2022 WL 2541081, at *1 (S.D.N.Y. July 7, 2022). In exercising this discretion, courts generally consider the following factors: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013); *see also Am. Fed'n of Musicians & Emps.' Pension Fund v. Atl. Recording Corp.*, No. 1:15-cv-6267 (GHW), 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016) (staying discovery in light of "substantial grounds" for motion to dismiss and burden to defendants). The "strength of the motion" factor contemplates whether the party seeking the stay has "substantial arguments for dismissal," or whether "the plaintiff's claim is unmeritorious." *Id.* (citations omitted). As to that factor, courts also consider whether the "resolution of the pending motion to dismiss may dispose of the entire action." *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-cv-377 (VSB), 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) (collecting cases) (denying motion to stay discovery because pending motion to dismiss was only partial).

      The Court first turns to the third factor. Because Defendant's success on the motion to dismiss would dispose of the entire action, this factor weighs in favor of granting the requested stay. *See Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-cv-7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (granting stay of discovery where motion to dismiss was "potentially dispositive"). This differs from *Cruz Morales v. Next Stop 2006, Inc.*, No. 1:22-cv-03311 (JLR), 2022 WL 15523370 (S.D.N.Y. Oct. 27, 2022), in which the motion to dismiss did not address the federal claims, and discovery into those claims would be necessary regardless of the outcome of the motion to dismiss. *Id.* at *1-2. Defendant has also presented substantial arguments for dismissal on the central issue in the case, namely whether a statement made to the

3

SEC during their ongoing investigation – and not in response to a subpoena, or as a whistleblower – is subject to absolute immunity. Accordingly, the Court finds that this factor weighs in favor of granting the stay.

With respect to the breadth of discovery, Defendant argues that the discovery would be voluminous, extending into the entirety of the SEC investigation. Mot. at 2. Plaintiff argues that this case will involve standard discovery and is not unduly burdensome given that there is one defendant and one claim. Opp. at 2-3. Discovery is in its early stages, but Defendant has indicated – both in his papers and at the initial conference in this action – that there will be significant document discovery, several depositions, and third-party discovery from the SEC related to its investigation of Plaintiff. *See* Mot. at 2. This broad discovery, including third-party subpoenas regarding an SEC investigation, weighs in favor of granting a stay. *See Richardson v. City of New York*, No. 21-cv-05080 (PAE) (KHP), 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022) (granting stay where discovery was in early stages but individuals in complaint would likely find responding to discovery requests to be burdensome).

Finally, Plaintiff argues that a stay will prejudice him because the action has been proceeding for over a year without discovery, and is still at the motion to dismiss stage. Opp. at 2. Defendant argues that Plaintiff will not be prejudiced by the delay, noting that most of the relevant discovery is possessed by entities who will not lose or destroy it. *See* Mot. at 2. While the Court appreciates that this case has been outstanding at the early stages for some time, the Court does not find that further delay would significantly prejudice Plaintiff.

On balance – and particularly in light of the fact that Defendant's motion to dismiss would potentially dispose of the entire case, which would otherwise proceed immediately

through significant discovery – the factors weigh in favor of granting the stay.  Thus, the Court grants Plaintiff's request to stay discovery during the pendency of the motion to dismiss.

The Civil Case Management Plan and Scheduling Order (ECF No. 37) is stayed until the Court issues its opinion regarding Defendant's motion to dismiss (ECF No. 27).  The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 38.

Dated: December 16, 2022                         SO ORDERED.
       New York, New York

_____
JENNIFER L. ROCHON
United States District Judge