UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT D. PRESS,<br><br>        Plaintiff,<br><br>  -against-<br><br>PATRICK J. PRIMAVERA,<br><br>        Defendant. | Case No. 1:21-cv-10971 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  On September 18, 2023, Defendant filed a letter styled as a letter motion to stay, informing the Court that there appears to have been a stay of actions, including this one, instituted by the Southern District of Florida in May 2020. ECF No. 52. The Court ordered Plaintiff to respond to Defendant's letter. ECF No. 53. On September 19, 2023, Plaintiff filed a letter stating that the stay in Florida "on its face . . . does not apply to this action." ECF No. 54. Defendant filed a letter in reply, noting that the stay language could apply to this action, and in any event, the court in Florida must resolve that issue. ECF No. 55.

  The May 11, 2020 order of Judge Altonaga of the Southern District of Florida provides that the following proceedings "are stayed until further Order of the Court": "All civil legal proceedings of any nature . . . involving . . . any of the Receivership Entities' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise . . . ." *See* ECF No. 52-1 at ¶ 26. Plaintiff here is an officer of the Receivership Entities and thus falls within this provision. Without more information, the Court is not persuaded that the stay unambiguously does not apply here. Moreover, and importantly, as Defendant has pointed out, the proposed settlement in the Enforcement Action in the Southern District of Florida filed recently on August 29, 2023

appears to confirm that the present action before this Court is stayed. That proposed settlement expressly refers to the action before this Court, stating that "after the Effective Date" of the settlement, the Receiver shall "[c]onsent to the lifting of the Court's stay to permit the prosecution of the pending action by Press against Primavera." *See* ECF No. 52-2 at ¶ 8a. It does not appear that the settlement has been approved yet, and thus the Receiver's consent to lift the stay is still outstanding.

This Court was never informed of any stay or the fact that, as Plaintiff now informs the Court, the Receiver "demanded that Mr. Press immediately withdraw his Complaint [in the present action]" in March 2022 but did not follow up after Plaintiff contested that this action falls within the stay order. ECF No. 54 at 2. It would clearly be very problematic if Plaintiff proceeded with this matter before the Court in contravention of a stay issued by the Southern District of Florida.

Defendant has stated that he intends to immediately raise these issues with the Southern District of Florida overseeing the Enforcement Action, the appropriate forum to determine whether the present action fell within its May 11, 2020 Order.

Accordingly, for good cause shown, IT IS HEREBY ORDERED that this case is temporarily stayed in order to determine whether this action was stayed by Order of the Southern District of Florida. The parties shall file a joint letter with the Court with an update concerning the proceedings in the Southern District of Florida no later than **October 30, 2023**, or seven days after the Southern District of Florida makes a determination regarding the stay, whichever date is earlier.

The Clerk of Court is respectfully directed to terminate the letter motion pending at ECF No. 52.

Dated: September 20, 2023
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge